United States District Court
Southern District of Texas
**ENTERED**
January 31, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IVAN HERNANDEZ-ORTIZ | § | |
| | § | |
| Petitioner | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-00343 |
| | § | CRIMINAL ACTION NO. 5:15-CR-00140-1 |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for an evaluation and recommended disposition of this federal inmate's request for relief under 28 U.S.C. § 2255. For the reasons stated herein, the Magistrate Judge respectfully **RECOMMENDS** that the petitioner's motion be **DENIED**, and the Government's Motion to Dismiss be **GRANTED**.

Petitioner was sentenced on August 26, 2015, (CM/ECF Cr. Dkt. Minute Entry dated August 26, 2015) [1], and filed a Notice of Non-Appeal that same day, (Cr. Dkt. No. 33). *See also* (Cr. Dkt. Nos. 34 (Order Adopting the Report and Recommendations), 35 (Judgment), and 36 (Statement of Reasons)). He did not appeal. His sentence thus became final and the one-year period in which to file a § 2255 challenge began to run two weeks later, on September 24, 2015. *U.S. v. Placencia*, 537 F.3d 385, 388 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A)(i), 26(a). He filed the instant petition on December 5, 2016, requesting a reduction of his sentence. (Dkt. No. 1; Cr. Dkt. No. 38).

---

[1] "Dkt." refers to the civil case, and "Cr. Dkt." refers to the criminal case.

1

On December 4, 2017, this Court notified the petitioner of its intent to recommend dismissal of his petition because it appeared to have been filed outside of the one-year window provided for by statute. *See* 28 U.S.C. § 2255(f); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) ("Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). Petitioner filed a response on December 18, 2017, conceding that his motion was untimely but explaining that, as a *pro se* litigant relying on the advice of fellow inmates, he has difficulty understanding and complying with Court procedures. (Dkt. No. 7). The Government replied by filing a motion to dismiss on December 20, 2017. (Dkt. No. 8). Any difficulty Plaintiff faces as a *pro se* inmate does not rise to the level of "rare and exceptional circumstances" that would entitle him to equitable tolling of the limitations period. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citing *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)).

Accordingly, his claim is time-barred.

The Court further observes that, even if Petitioner's claim were not time-barred, it would fail on its merits. He appears to argue that the sentencing court erred when it enhanced his sentences for being a recidivist, when those underlying convictions were not charged as elements of the crime for which he was sentenced. In support, he cites *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). But that case made clear that sentencing enhancements based on recidivism are valid even when the indictment does not set forth those convictions as elements of the crime. 523 U.S. at 230. "[N]ot every fact expanding a penalty range must be stated in a felony indictment . . . the precise holding [of *Almendarez-Torres* was] that recidivism increasing the maximum penalty need not be so charged." *Jones v. United States*, 526 U.S. 227, 248 (1999).

The Magistrate Court therefore **RECOMMENDS** that Petitioner's motion under 28 U.S.C. § 2255 be **DENIED**, and the Government's motion to dismiss be **GRANTED.** The Court further **RECOMMENDS** that, should Petitioner seek a certificate of appealability, it be **DENIED**, and that the District Court certify that any appeal should not be taken *in forma pauperis*.

SIGNED this 31st day of January, 2018.

_____
DIANA SONG QUIROGA
United States Magistrate Judge